TITLE GUARANTEE & TRUST CO, v. CARROLL.

(Supreme Court, Appellate Division, Second Department., June 9, 1911.)

BROKERS (§ 97*)—LIABILITY OF PRINCIPAL.

 Where defendant employed a broker to procure a loan for him, agreeing to pay 5 per cent. commission, and the broker applied to plaintiff, consenting that the amount of plaintiff's expenses should be deducted from the commissions to be paid to him, defendant, on refusing the loan, which plaintiff was ready to make, was liable. to plaintiff for such expenses.

 [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 97.*]

 Hirschberg and Woodward, JJ., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the Title Guarantee & Trust Company against Peter Carroll. From a judgment for defendant, plaintiff appeals. On reargument of appeal from judgment of the Municipal Court of the City of New York dismissing the complaint. Reversed, and new trial ordered.

See, also, 128 N. Y. Supp. 1147.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and WOODWARD, JJ.

Sidney A. Clarkson, for appellant.

Joseph J. Reiher, for respondent.

BURR, J. The uncontradicted evidence establishes the making of a written contract between plaintiff and defendant, the performance of services by the plaintiff, its readiness to make the loan on defendant's property, and defendant's refusal to accept the same, or comply with the terms of the written agreement as to expenses. If defendant was entitled to any relief from this written contract on the ground of fraud or mutual mistake, the Municipal Court would have no jurisdiction to grant equitable relief of that character. But the evidence does not warrant such relief. Defendant admits an agreement with a broker to procure him a loan, for which he was to pay the' broker 5 per cent., and the uncontradicted evidence is that the broker, acting in defendant's behalf, made application to the plaintiff. This made defendant responsible to plaintiff, and in addition it appears that the broker consented that the amount of plaintiff's bill should be deducted from the commissions to be paid to him. Upon defendant's own testimony, and the uncontradicted testimony in behalf of plaintiff, plaintiff was entitled to recover.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide the event.

JENKS, P. J., and THOMAS, J., concur. HIRSCHBERG and WOODWARD, JJ., dissent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes